UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DIANNE J. JOSEPH | CIVIL ACTION |
| VERSUS | NO. 07-52 |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | SECTION "S" (2) |

**FINDINGS AND RECOMMENDATION**

Plaintiff, Dianne J. Joseph, seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Act. 42 U.S.C. §§ 405(g), 423. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2E(B).

As ordered, plaintiff filed a timely memorandum of facts and law. Record Doc. No. 8. Defendant filed a timely reply memorandum. Record Doc. No. 12.

I. PROCEDURAL HISTORY

Joseph filed an application for DIB on February 13, 2004, alleging disability since June 8, 2003 because of a right hand injury and headaches. (Tr. 41, 58-59). After her

application was denied, she requested a hearing before an Administrative Law Judge ("ALJ"), which was held on July 27, 2005. (Tr. 231). On March 28, 2006, the ALJ denied plaintiff's application. (Tr. 11-21). After the Appeals Council denied review on November 21, 2006 (Tr. 5-7), the ALJ's decision became the final decision of the Commissioner for purposes of this court's review.

II.   STATEMENT OF ISSUE ON APPEAL

Plaintiff contends that the ALJ made the following error:

A.   The ALJ erred by finding that plaintiff's mental impairments are not severe.

III.   ALJ'S FINDINGS RELEVANT TO ISSUE ON APPEAL

The ALJ made the following relevant findings:

1. Plaintiff has severe impairments of pain syndrome and status post gunshot wound to the dominant right hand, with chronic non-unions of the fourth and fifth metacarpals.

2. She has non-severe impairments of major depression and post-traumatic stress disorder, which have no more than a de minimis effect on her ability to perform basic work activities.

3. The evidence does not support the significant and ongoing mental and emotional symptoms, complaints of pain and functional limitations asserted by plaintiff, and her complaints are not credible.

4. She has the residual functional capacity to perform a medium level of work, with the following restrictions: lifting or carrying no more than 50 pounds occasionally or 25 pounds frequently; sitting, standing and/or walking about six hours in an eight-hour day; no repetitive use of the dominant right hand; occasional fingering with

>    the fourth and fifth digits of the right hand; and no keyboarding or typing with the right hand.
>
> 5. Joseph cannot perform her past relevant work as an office manager.
>
> 6. She has the residual functional capacity to perform a significant number of jobs existing in the state and national economies, with the restrictions listed above, based solely on her right hand impairments.

(Tr. 19-21).

IV.  ANALYSIS

    A.  Standards of Review

The function of this court on judicial review is limited to determining whether there is substantial evidence in the record to support the final decision of the Commissioner as trier of fact and whether the Commissioner applied the appropriate legal standards in evaluating the evidence. Waters v. Barnhart, 276 F.3d 716, 716 (5th Cir. 2002); Loza v. Apfel, 219 F.3d 378, 389 (5th Cir. 2000); Spellman v. Shalala, 1 F.3d 357, 360 (5th Cir. 1993). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Loza, 219 F.3d at 393; Spellman, 1 F.3d at 360. This court may not "reweigh the evidence in the record, try the issues de novo or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision."

Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000). The Commissioner, rather than the courts, must resolve conflicts in the evidence. Id.

The ALJ is entitled to make any finding that is supported by substantial evidence, regardless whether other conclusions are also permissible. See Arkansas v. Oklahoma, 503 U.S. 91 (1992). Despite this court's limited function, it must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence supports it. Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990); Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988). Any findings of fact by the Commissioner that are supported by substantial evidence are conclusive. Newton, 209 F.3d at 452; Martinez v. Chater, 64 F.3d 172, 173 (5th Cir. 1995).

To be considered disabled and eligible for DIB, plaintiff must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 to 404.1599 & appendices, §§ 416.901 to 416.998 (2006). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity. Id.

§§ 404.1520, 416.920; <u>Waters</u>, 276 F.3d at 716; <u>Loza</u>, 219 F.3d at 393.[1]  The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled.  <u>Leggett v. Chater</u>, 67 F.3d 558, 564 (5th Cir. 1995).

The claimant has the burden of proof under the first four parts of the inquiry. <u>Newton</u>, 209 F.3d at 453.  If she successfully carries this burden, the burden shifts to the Commissioner to show that other substantial gainful employment is available in the national economy that the claimant is capable of performing.  When the Commissioner

---

[1]The five-step analysis requires consideration of the following:
First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled.  <u>Id.</u> §§ 404.1520(c), 416.920(c).

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence.  <u>Id.</u> §§ 404.1520(d), 416.920(d).

Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated.  If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled.  <u>Id.</u> §§ 404.1520(e), 416.920(e).

Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education, and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy.  If the claimant cannot meet the demands, he or she will be found disabled. <u>Id.</u> §§ 404.1520(f)(1), 416.920(f)(1).  To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns.  When the findings made with respect to a claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled.  <u>Id.</u> § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969 (2004) ("Medical-Vocational Guidelines").

shows that the claimant is capable of engaging in alternative employment, the burden of proof shifts back to the claimant to rebut this finding.  Id.

The court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history."  Martinez, 64 F.3d at 174.

### B.    Factual Background

Plaintiff testified that she was 42 years old at the time of the hearing and had a high school education.  (Tr. 237).  She stated that she had worked as a teller for a bank from 1980 until July 1990 and briefly as an accounts payable clerk in 1991.  Her last employment was as an office manager for Delta Waste from 1992 until June 2003.  (Tr. 237-40).  She confirmed that her responsibilities as an office manager included processing invoices, writing checks, filing invoices, answering the telephone, processing accounts for billing and payroll, reaching frequently, supervising two people and writing, typing or handling small objects for at least six hours in an eight-hour day.  (Tr. 240-41).  She said that, after 2003, she worked infrequently and no more than eight hours per week, but she continued to receive a salary from the company because of her prior dedication as an employee.  (Tr. 241).

Joseph testified that she was the sole provider for her 13-year-old son and 19-year-old daughter, who attended college part-time. (Tr. 244-45). She said she received help cooking, cleaning and doing laundry from her mother, aunt and daughter. (Tr. 245-46). She stated that her father and son helped maintain her lawn. (Tr. 245-46). Plaintiff testified that she required help putting on her bra, fastening certain clothes, tying certain shoes and taking a bath, but she could put on pullover shirts and slip-on shoes. (Tr. 246). She said she drives a car, wakes her younger child up in the morning and attends therapy. (Tr. 246-47). Joseph testified that her daughter managed the household accounts and did the shopping, with plaintiff's oversight. (Tr. 247).

As for social activities, plaintiff testified that she was no longer involved with church and had no outside activities, but called her mother daily and received weekly visits from her sole friend, her sister. (Tr. 248). She added that she passes her time by sleeping and watching television shows, such as game shows. (Tr. 249). She testified that she sees a psychiatrist once a month for 45-minute sessions, and takes Ultram, Seroquel, Doxepin and Lexapro for depression, anxiety and pain. (Tr. 249).

On cross-examination, Joseph testified that she received the same amount of money from her employer for two to three months after her injury. She said that she thereafter received less pay, which remained the same regardless whether she worked. (Tr. 250-51). She testified that her position had been filled and she felt unproductive

when she went to work, essentially showing up to do nothing. (Tr. 251). She noted that this position was available to her only until there was a ruling on her disability. (Tr. 251-52).

Joseph testified that depression and nightmares caused her not to sleep or to sleep irregularly, which in turn prevented her from going to church. (Tr. 252). She stated that her two-month-old granddaughter also lived with her. (Tr. 253). She testified that her hand did not prevent her from working, but that her difficulties coping mentally and socially impaired her ability to work. (Tr. 253-54). Additionally, she testified that her problems managing money resulted from her mental condition and that her daughter had told her that she forgets things. (Tr. 254-55).

Joseph confirmed that she had told her psychiatrist, Dr. Lesser, that she had gone back for work two days a week and that Seroquel had helped her sleep. (Tr. 256). She confirmed that she received a pension from her husband. (Tr. 257).

Plaintiff testified that she did not feel mentally capable of full-time employment because, after being shot by her husband and witnessing her husband's suicide, she often wished she had died and felt that she did not want to exist. (Tr. 257). Joseph said that, although she had been social and outgoing, people now viewed her as a "sourpuss" and did not enjoy her company. (Tr. 257). She testified that she slept during the day, but

would prefer to work instead if she did not feel so mentally drained. (Tr. 258). She said that her mental problems resulted from her husband trying to kill her. (Tr. 258).

    C.    Medical Evidence

I have reviewed the medical records in evidence and the ALJ's summary of the medical evidence. (Tr. 15-17). I find the ALJ's summary of the medical evidence substantially correct and incorporate it herein by reference, with the modifications, corrections and highlights noted below.

    D.    Plaintiff's Appeal

The ALJ found at the second step of the sequential evaluation that Joseph does not have severe impairments resulting from her mental conditions of major depression and post-traumatic stress disorder. Plaintiff has the burden from the first through the fourth steps of the sequential analysis of proving her disability with sufficient medical evidence. Newton, 209 F.3d at 453; Wren v. Sullivan, 925 F.2d 123, 128 (5th Cir. 1991). Joseph argues that the ALJ did not apply the proper standard to determine whether her mental impairments were severe and that the ALJ improperly failed to find that her mental impairments were severe.

The ALJ properly applied Stone v. Heckler, 752 F.2d 1099 (5th Cir. 1985), the standard in this circuit for determining whether a plaintiff's impairment is non-severe. The Fifth Circuit affirmed in Loza that the Stone standard for determining the non-

severity of an impairment is statutorily correct. That standard provides that "an impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." Loza, 219 F.3d at 391 (quotation omitted).

Psychiatrist Lillian Lesser, M.D., diagnosed Joseph with major depression and post-traumatic stress syndrome. However, the "mere diagnosis of a mental impairment (such as depression) does not establish a claimant's disability claims." Martin v. Chater, No. 95 C 0245, 1995 WL 505955, at *6 (N.D. Ill. Aug. 23, 1995) (citing Anderson v. Sullivan, 925 F.2d 220, 222 (7th Cir. 1991)); accord Harris v. Barnhart, No. 02-55540, 2003 WL 21054733, at *2 (9th Cir. 2003); Estok v. Apfel, 152 F.3d 636, 640 (7th Cir. 1998); Jones v. Sullivan, 954 F.2d 125, 128 (3d Cir. 1991); Arroyo v. Secretary of Health & Human Servs., 932 F.2d 82, 87-88 (1st Cir. 1991); Hames v. Heckler, 707 F.2d 162, 165 (5th Cir. 1983). Rather, plaintiff "must show that she was so functionally impaired by [her impairments] that she was precluded from engaging in any substantial gainful activity." Hames, 707 F.2d at 165; accord Anthony v. Sullivan, 954 F.2d 289, 293 (5th Cir. 1992).

The ALJ found plaintiff's allegations of severe functional limitations not credible. The ALJ has the responsibility to evaluate the credibility of witnesses, Masterson v.

Barnhart, 309 F.3d 267, 272 (5th Cir. 2002), and her evaluation is entitled to considerable deference by this court.  Falco v. Shalala, 27 F.3d 160, 164 & n.18 (5th Cir. 1994); Carrier v. Sullivan, 944 F.2d 243, 247 (5th Cir. 1991); Villa, 895 F.2d at 1024.  The ALJ's explanation of her reasons for finding plaintiff not entirely credible is all that is required.  Falco, 27 F.3d at 163-64; Godbolt v. Apfel, No. 98-1680, 1999 WL 179476, at *9 (E.D. La. Mar. 31, 1999) (Vance, J.); accord James J. Flanagan Stevedores, Inc. v. Gallagher, 219 F.3d 426, 430 & n.8 (5th Cir. 2000) (citing Falco, 27 F.3d at 164).

In this case, the ALJ explained that she found plaintiff's allegations of functional limitations not credible because Joseph did not seek any mental health treatment until one year after the shooting, reported improvements in her symptoms to her psychiatrist once medication was started, worked part-time, took care of her personal needs, was able to parent her two children, drives frequently and keeps her appointments.  This explanation is supported by substantial evidence.

A claimant's lack of need for medication or failure to seek treatment is a relevant factor to consider in determining the severity of an alleged impairment and may be used in conjunction with the medical reports to discount her complaints of disabling pain or other limitations.  Doss v. Barnhart, 137 Fed. Appx. 689, 2005 WL 1463178, at *1 (5th Cir. June 21, 2005); Anthony, 954 F.2d at 295; Griego v. Sullivan, 940 F.2d 942, 945 (5th Cir. 1991); Villa, 895 F.2d at 1024.  Furthermore, plaintiff's "failure to seek

treatment for depression is an indication of nondisability." Doss, 2005 WL 1463178, at *1 (citing Villa, 895 F.2d at 1024).

A claimant's own reports of her symptoms, including pain and depression, are insufficient to establish a medical impairment. Subjective complaints like these must be corroborated, at least in part, by objective medical evidence. 20 C.F.R. §§ 404.1528(a), 416.928(a), 404.1529(a), 416.929(a); Palomo v. Barnhart, No. 05-50722, 154 Fed. Appx. 426, 430 (5th Cir. 2005) (citing Wren, 925 F.3d at 128-29); Craig v. Chater, 76 F.3d 585, 592 (4th Cir. 1996); Houston v. Sullivan, 895 F.2d 1012, 1016 (5th Cir. 1989).

Joseph's allegation that her mental impairments prevent her from working must be supported by objective medical findings. She has not provided substantial medical evidence indicating that her mental impairments significantly limit her ability to work. Accordingly, no substantial evidence contradicts the ALJ's finding that plaintiff's functional limitations were not credible and that her mental impairments are not severe.

Joseph's medical records substantially support the ALJ's finding that her condition was not severe. Plaintiff reported suicidal thoughts initially to Dr. Lesser, but there are no reports of suicidal ideation after her August 2004 visit. (Tr. 172). Although Joseph continued to report problems with sleep, pain and disturbing thoughts, she never experienced hallucinations, delusions, homicidal ideation, altered cognition, altered

sensorium or speech-motor-movement problems. She reported no altered perception after the first visit.

Beginning with the January 2005 visit, Dr. Lesser noted positive changes at each visit, such as: "Coming along," "[n]ot as depressed," "[d]oing well," "[a] little better." (Tr. 156, 158, 160, 164). A medical condition that can reasonably be remedied by surgery, treatment or medication is not disabling. Johnson v. Bowen, 864 F.2d 340, 348 (5th Cir. 1988); Lovelace v. Bowen, 813 F.2d 55, 59 (5th Cir. 1987); Bridges v. Massanari, No. 00-2639, 2002 WL 202221, at *3 (E.D. La. Feb. 7, 2002) (Vance, J.). Dr. Lesser never opined that Joseph's mental impairments prevented her from working or recommended that she should not work.

Such evidence is much more than a scintilla of evidence to support the ALJ's finding that Joseph "responded quickly to treatment and, therefore, is not significantly limited by her mental impairments of major depression or post traumatic stress disorder." (Tr. 19). Thus, plaintiff's argument does not support reversal of the administrative finding. The ALJ did not err by failing to classify Joseph's mental impairments as severe.

## **RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's complaint be DISMISSED WITH PREJUDICE.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

        New Orleans, Louisiana, this   24th   day of August, 2007.

        JOSEPH C. WILKINSON, JR.
        UNITED STATES MAGISTRATE JUDGE